UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EDWARD J. CECE,

    Plaintiff,

v.                                Case No.  3:25-cv-994-MMH-PDB

ST. JOHN'S RIVER WATER
MANAGEMENT DISTRICT,
DAVID MIRACLE, ERIN
PRESTON, and JESSICA
QUIGGLE,

    Defendants.

## O R D E R

**THIS CAUSE** is before the Court sua sponte. Plaintiff, Edward J. Cece, who is proceeding pro se, initiated the instant action on August 28, 2025, by filing a Complaint for Violation of Civil Rights (Doc. 1; Complaint) against Defendants, St. John's River Water Management District, David Miracle, Erin Preston, and Jessica Quiggle. On September 23, 2025, he filed his First Amended Complaint (Doc. 4). However, upon review of the First Amended Complaint, the Court finds that it violates Rules 8 and 10, Federal Rules of Civil Procedure (Rule(s)).[1] As such, the Complaint is due to be stricken.

---

[1] All filings with the Court must be made in accordance with the requirements of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida ("Local Rules"). The Local Rules are available for review at www.flmd.uscourts.gov, and a copy may be obtained by visiting the Clerk's Office. The Federal Rules of Civil Procedure are available in the law libraries of the state and federal courthouses.

1

While pro se complaints are held to a less stringent standard than those drafted by an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), the pro se litigant is still required to "conform to procedural rules." Riley v. Fairbanks Capital Corp., 222 F. App'x 897, 898 (11th Cir. 2007) (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)).[2] The Rules require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). "A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (citation omitted). Despite Rule 8(a)'s liberal pleading requirement, a "complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted). Rules 8 and 10 work together "to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be

---

[2] In citing to Riley, the Court notes that "[a]lthough an unpublished opinion is not binding … it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2. ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

granted, and, at trial, the court can determine that evidence which is relevant and that which is not." Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted). "Where the allegations of a complaint are 'vague and ambiguous - leaving the reader to guess at precisely what the plaintiff [is] claiming,' the court should order a repleader." Holbrook v. Castle Key Ins. Co., 405 F. App'x 459, 460 (11th Cir. 2010) (quoting Byrne v. Nezhat, 261 F.3d 1075, 1128 (11th Cir. 2001)). Moreover, in a case with multiple defendants, the complaint should contain specific allegations with respect to each defendant; generalized allegations "lumping" multiple defendants together are insufficient to permit the defendants, or the Court, to ascertain exactly what a plaintiff is claiming. See West Coast Roofing and Waterproofing, Inc. v. Johns Manville, Inc., 287 F App'x 81, 86 (11th Cir. 2008) (citing Ambrosia Coal & Const. Co. v. Pages Morales, 482 F.3d 1309, 1317 (11th Cir. 2007) and Brooks v. Blue Cross and Blue Shield of Fla., Inc., 116 F.3d 1364, 1381 (11th Cir. 1997)).

The Eleventh Circuit Court of Appeals has a term for complaints which violate Rules 8 and 10 in the ways discussed above—shotgun pleadings. See Tran v. City of Holmes Beach, 817 F. App'x 911, 913 (11th Cir. 2020). Significantly, although pro se pleadings such as Plaintiff's are construed more liberally than those drafted by attorneys, the Eleventh Circuit regardless has "little tolerance for shotgun pleadings." See Arrington v. Green, 757 F. App'x 796, 797 (11th Cir. 2018) (quotations omitted). Here, the First Amended

3

Complaint is "full of conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Tran, 817 F. App'x at 913. Plaintiff "does not separate each cause of action or claim for relief into different counts." Id. And in the First Amended Complaint, Plaintiff "asserts multiple claims against multiple defendants without specifying which of the defendants is responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. Ultimately, as with all types of shotgun pleadings, Plaintiff's First Amended Complaint fails to "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. (quoting Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015)). As such, it is due to be stricken. Plaintiff will be given an opportunity to file a second amended complaint that complies with the Rules.

Prior to filing his second amended complaint, the Court encourages Plaintiff to consider consulting with a legal aid organization that offers free legal services, such as Jacksonville Area Legal Aid (JALA). Alternatively, the Jacksonville Federal Court Bar Association operates a Legal Information Program. Through that program, pro se litigants may meet with a lawyer for free to ask general questions about procedures governing cases in federal court. Plaintiff may call the Clerk's Office at (904) 549-1900 to request an

4

appointment. More information about the program is available on the Court's website at www.flmd.uscourts.gov/legal-information-program.[3]

Accordingly, it is

> **ORDERED:**
>
> 1. Plaintiff's First Amended Complaint (Doc. 4) is **STRICKEN**.
>
> 2. Plaintiff shall file a second amended complaint consistent with the directives of this Order on or before **November 21, 2025**. Failure to do so may result in a dismissal of this action.
>
> 3. Defendants shall respond to the second amended complaint in accordance with the requirements of Rule 15, Federal Rules of Civil Procedure.
>
> **DONE AND ORDERED** at Jacksonville, Florida on October 30, 2025.

MARCIA MORALES HOWARD
United States District Judge

lc36
Copies:
Counsel of record

---

[3] In preparing the second amended complaint and any future filings, the Court recommends that Plaintiff visit the Court's website (www.flmd.uscourts.gov). Under the tab entitled, "For Litigants," there is a section entitled, "Litigants Without Lawyers." In this section, there are many resources available to pro se parties, including a Handbook called "Guide for Proceeding Without a Lawyer." If Plaintiff does not have access to the internet, one free copy of the Handbook may be obtained by visiting or mailing the Clerk's Office and presenting this Order to the deputy clerk.

5